Zamir v Ben-Harosk (2020 NY Slip Op 06475)





Zamir v Ben-Harosk


2020 NY Slip Op 06475


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 652320/17 Appeal No. 12352 Case No. 2019-5079 

[*1]Yaakov Zamir, Plaintiff-Appellant,
v
Sharon Ben-Harosk et al., Defendants-Respondents.


Stahl & Zelmanovitz, New York (Joseph Zelmanovitz of counsel), for appellant.
Mangan Ginsberg LLP, New York (Michael P. Mangan of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered May 28, 2019, which granted defendants' motion for attorney's fees in the amount of $35,777.39, unanimously affirmed, without costs.
The motion court applied the correct standard for determining the "prevailing party" under a contractual attorneys' fees clause, namely, success on the central claims in the action (Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc., 168 AD3d 645, 646 [1st Dept 2019], lv denied 33 NY3d 904 [2019]).
Plaintiff failed to show any injury from defendants' representations to the court that plaintiff would not be prejudiced by bringing new claims in a new action. The court had already ruled that the defects in the existing case would not be remedied by amendment, and sua sponte modified its order to reflect that the new claims were to be brought in a new action.
Plaintiff argument that half or more of the $35,000 in fees sought did not pertain to the motion to dismiss itself and therefore are not recoverable, is unavailing. The parties' agreement entitles the prevailing party to all fees "in connection" with the action, and plaintiff has failed to point to any fees not incurred in connection with the action.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020